IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEFFREY ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-CV-259 |
| | ) | |
| DAN BERRY, CEO Duke University Federal Credit Union, CHIEF CERELYN DAVIS, Durham Police Department, CHIEF JOHN DAILY, Duke University Police Department, and ALEX HOLMES, MoneyGram CEO, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on motions to dismiss filed by the defendant John Daily, Doc. 17, the defendant Dan Berry, Doc. 19, and the defendant Alex Holmes, Doc. 26. The plaintiff has filed no responses in opposition to the motions. Because the complaint fails to state a plausible claim for relief against these three defendants, the motions will be granted.

As best the Court can tell from the complaint and attached documents, the plaintiff alleges he was hoodwinked by a third party into cashing some fraudulent money orders. He reported the fraud to the Duke University Police Department and the Durham Police Department. He appears to be dissatisfied with the action that they took to investigate the matter and has sued their police chiefs, Cerelyn Davis and John Daily. He also appears to complain that Duke University Credit Union should not have cashed the first two money

orders and Moneygram should not have issued the money orders; he is also dissatisfied with the actions Duke University Credit Union and Moneygram took in response to his complaints after his credit record was affected by the fraud. He has sued their chief executive officers, Dan Berry and Alex Holmes.

Cerelyn Davis has not yet responded to the complaint. *See* Text Order entered July 5 extended time to respond to August 3, 2017. Mr. Daily, Mr. Holmes and Mr. Berry move to dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions "must be supported by factual allegations" that amount to more than "unadorned, the-defendant- unlawfully-harmed-me accusation[s]." *Id.* at 678-79.

The plaintiff makes no allegations specific to the moving individual defendants, nor has he offered any explanation of why he has sued them individually or what cause of action he is asserting against them.[1] While he makes reference in his complaint to the Fair Credit Report Act, he has not explained how any of these defendants violated it. He

---

[1] While courts construe allegations in a complaint in the light favorable to the plaintiff, it is not the Court's role to make arguments for a pro se litigant. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that the district court is not expected to assume the role of advocate for a pro se litigant); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating district courts "cannot be expected to construct full blown claims from sentence fragments" in pro se complaints).

2

has failed to meet the relatively low standard set forth in *Iqbal* and therefore the motions to dismiss will be granted.

Ordinarily, the court might give the plaintiff an opportunity to amend the complaint. Here, however, he has not responded to the motions to dismiss and there is nothing to indicate that such amendments would result in complaints which state claims.

It is **ORDERED** that:

1. The defendant John Daily's motion to dismiss, Doc. 17, is **GRANTED**.

2. The defendant Dan Berry's motion to dismiss, Doc. 19, is **GRANTED**.

3. The defendant Alex Holmes' motion to dismiss, Doc. 26, is **GRANTED**.

This the 25th day of July, 2017.

_____
UNITED STATES DISTRICT JUDGE