IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEFFREY ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-CV-259 |
| | ) | |
| DAN BERRY, CEO, Duke University | ) | |
| Federal Credit Union, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This matter is before the Court on a paper writing in memo format submitted by the plaintiff, Jeffrey Allen, with a subject line stating "request to reopen complaint." Doc. 47. Mr. Allen does not clearly identify the basis for his motion. Judgment has been entered and affirmed by the United States Court of Appeals for the Fourth Circuit. Doc. 45. The Court therefore considers the motion under both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 59(e) permits a court to amend a judgment within ten days for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion to

amend a judgment "is an extraordinary remedy which should be used sparingly." *Id.* (citation omitted). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson,* 994 F.2d at 1082. Putting aside the problem with timeliness, Mr. Allen's letter is a mishmash of allegations and claims that do not appear to state a claim, much less to explain why a judgment affirmed on appeal should be vacated.

Rule 60(b) authorizes a district court to grant relief from a final judgment for five stated reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A Rule 60(b) motion seeking relief from a judgment is not a substitute for a timely and proper appeal. *See Ackermann v. United States*, 340 U.S. 193, 198 (1950). Accordingly, before a party may seek relief under Rule 60(b), the party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993); *see also Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Mr. Allen has not established timeliness or presented any extraordinary circumstances, nor has he established any other basis for reconsideration under either rule.

Given that the case has been affirmed, there should not be any further filings by Mr. Allen. If he does make future filings, the Court will excuse the defendants from responding, subject to the Court's review, given the lack of merit to the underlying case and the pending motion.

Mr. Allen is advised that any future pleadings in this or any other case must conform to the Federal Rules of Civil Procedure and the Local Rules. At a minimum, they must contain the caption of the case. It would also facilitate court review if the

handwriting were more easily legible.  *See* LR 7.1(a) (requiring handwritten pleadings and briefs to be double-spaced).

It is **ORDERED** that the plaintiff's motion to reopen the case, Doc. 47, is **DENIED**.

It is further **ORDERED** that should Mr. Allen submit further motions or letters in this case, deadlines for responses by the defendants are held in abeyance pending review of the paper writing by the Court.

This the 10th day of October, 2018.

_____
UNITED STATES DISTRICT JUDGE

3